# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 3, 2004 Session

## TINA MARIE WENINGER v. JERRY CRAIG WENINGER

**Direct Appeal from the Chancery Court for Stewart County**
**No. 02-11-046     Leonard W. Martin, Judge**

_____

**No. M2003-02018-COA-R3-CV - Filed September 9, 2004**

_____

This appeal arises from a divorce action.  The trial court awarded primary residential custody to mother and standard visitation to father.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Markley Runyon Gill, Erin, Tennessee, for the appellant, Jerry Craig Weninger.

Larry B. Watson, Clarksville, Tennessee, for the appellee, Tina Marie Weninger.

## MEMORANDUM OPINION[1]

        This appeal arises from a divorce action in which the trial court awarded primary residential custody of the parties' two minor children, born 1998 and 2001, to the Mother, Tina Marie Weninger ("Mother").  Father, Jerry Craig Weninger ("Father") was awarded standard visitation. The grounds for divorce were stipulated, and the only issues before this Court are:

        (1)     Whether the trial court erred in awarding primary residential custody to
                Mother.

_____

        [1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

                This Court, with the concurrence of all judges participating in the case, may affirm, reverse
        or modify the actions of the trial court by memorandum opinion when a formal opinion would have
        no precedential value. When a case is decided by memorandum opinion it shall be designated
        "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any
        reason in any unrelated case.

(2)    Whether the trial court erred in awarding Father standard visitation.

The trial court made no findings of fact. The final decree of divorce simply states the parties' agreement as to property and awards custody to Mother and visitation to Father. Thus, we review the record in this case *de novo* to determine whether the preponderance of the evidence supports the trial court's judgment. *Lee v. Lee*, 66 S.W.3d 837, 843 (Tenn. Ct. App. 2001).

Upon review of the record and after having heard oral argument in this Court, we cannot say the trial court erred in its determination. The gist of Father's argument is that Mother is unfit to have custody of the children because she had an extramarital affair, exposed the children to it, and violated a pre-divorce court order enjoining her from bringing the children into her paramour's company. Mother concedes that she had an extramarital relationship and that she was found in contempt for violating a court order restraining her from permitting the children to be in the company of her paramour. However, she argues that she has been the primary care-taker of the children and that, because Father leaves for work between 4:30 and 5:30 A.M., finishes work between 3:00 and 4:00 P.M., and goes to bed at 8:00, he simply is not available to care for the children. As a result, when the children are with Father, Father's parents are, in fact, the care-takers. She further asserts that Father's parents have greatly contributed to the acrimony between the parties, and that even when Father was unemployed and Mother was employed outside the home, the children were left in the care of Father's parents.

The record supports Mother's assertion that she is the primary care-taker of the children and that Father's parents, and not Father, care for the children while they are at Father's home. Father simply has failed to carry his burden of demonstrating that he is the more fit parent and that the trial court erred in its determination. Accordingly, we affirm the award of primary residential custody to Mother.

We also affirm the visitation award to Father. It is not disputed that Father moved from Stewart County to Houston County after the parties were separated, and that there is a drive of approximately fifty minutes between the parties' residences. In light of this distance, Father's work schedule, and the practical difficulties of visitation in this case, we cannot say the trial court erred by awarding Father standard visitation.

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, Jerry Craig Weninger, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE